IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

RECEIVED
2019 JAN 28 PM 4: 11
CLERK U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

GWENDOLYN CARANCHINI, a/k/a )
GWEN CARANCHINI, [1] )
)
       Plaintiff, )   Case No. 4:19-cv-00030-DGK
)
Vs. )
)
RICK PECK, )
)
       Defendant )

## GWEN CARANCHINI'S OPPOSITION TO RICK PECK'S
## MOTION FOR REMOVAL FROM MISSOURI STATE COURT TO
## THE UNITED STATES FEDERAL COURT
## AND MOTION FOR TRANSFER TO THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY, KANSAS
## INCLUDING BUT NOT LIMITED TO OPPOSITION
## PURSUANT TO SEC. 28 U.S.C. SEC. 1447(c)

Comes now Gwen Caranchini, hereinafter referred to as "Caranchini", Pro Se in the in the instant case[2], and states the following with regard to this "alleged" transfer and removal. All statements of fact in this brief are made under oath by the undersigned as she is not an attorney. It will be noted in the signature line. It should be noted that there is no affidavit by either Rick Peck nor Linus Baker regarding the "alleged facts" "cited" by them in their "brief".

---

[1] This is the correct caption of this case; not the caption set forth by Mr. Baker.

[2] As this Court well knows, the undersigned is a disbarred attorney. Caranchini does not believe that disbarment which occurred in 1997 in this Jurisdiction based upon actions in cases in 1989, 90, and 91, and no further sanctions of any kind since, is at all relevant to this matter. That being said, Mr. Baker, and the other defendants involved in other cases I have pending wish to repeatedly and I mean REPEATEDLY, bring up those sanctions in EVERY SINGLE FILING THEY MAKE, AND IN SOME INSTANCES IT IS ALMOST THE ENTIRE BRIEF ON THE ISSUE. I do not think it is relevant at all after almost 30 years especially since I have never been sanctioned since in any case and after my disbarment have worked before the MSPB and EEOC uninterrupted since my disbarment's effective date in this jurisdiction in approximately 2000 and had worked in those entities since 1986, all without incident. Mr. Baker especially wishes to make my disbarment the major issue in every document. It wastes time, it is irrelevant to the issues raised and particularly so in this case. I hope this Court puts an end to it immediately as any 30 year old ruling against an attorney is generally not raised.

1

A. This case was filed in Jackson County, Missouri January 7, 2019.

B. Mr. Baker found out about it and wanted me to waive service which I refused to do in this instance.

C. He also wanted me to agree to let him immediately file documents which I also refused as I told him I was having Rick Peck formally served by a process server. He expressed his displeasure regarding that statement.

D. It took several weeks for the case to be processed through Jackson County and sent to the Sheriffs in Johnson County for Rick Peck to be served personally at his home which was done on or about noon on January 24 or perhaps 25 by Sheriffs.

E. Mr. Baker never filed any document after the service, **all documents being filed prior to service without my agreement in any way that he could do so or my waiving any requirements of service having to be made on Rick Peck.**

F. **It is unknown whether Rick Peck hired Linus Baker to represent him in this matter. I have SPECIFICALLY ASKED MR. BAKER WHETHER RICK PECK HIRED HIM TO REPRESENT HIM IN THIS CASE AND HE HAS REFUSED TO ANSWER MY EMAILS EXCEPT TO SAY: "Shoo shoo go away". Given my knowledge of Rick Peck over nine years and Linus Baker over the last 15 months I question whether Rick Peck has hired him or agreed in any way to the filings he made in this case to date.**

I. **TYPICAL ATTACK ON CARANCHINI'S FILING**

Mr. Baker starts out his "removal" case by attacking the undersigned's filing as just another one of Caranchini's filings that this Court needs to dismiss. Unfortunately, he does not

parts of them are being refiled—most notably the claims against the Jail and the Sheriffs who sexually assaulted Caranchini while she was in the Jail along with Correct One who failed to provide Caranchini any of her medications for 36 hours, including her insulin. The other lawsuits will be filed this week. "Other claims" have nothing to do with the instant claim which was never filed in any other lawsuit. Likewise, this lawsuit was filed in State Court as it is a "state claim"—a personal matter that quite frankly should not be filed in Federal Court unless you are trying to forum shop which is what Mr. Baker is trying to do, which I need not tell this Court, as it is quite clear or will be hereinbelow quite shortly.

## II. TIMING OF MOTION TO REMOVE CASE TO THE UNITED STATES DISTRICT COURT OF MISSOURI AND, TRANSFER CASE TO KANSAS

This case was "removed" within several days of the filing of the case in Missouri state court without the consent of Plaintiff. Mr. Baker asked me to agree to removal and I said "no". I specifically informed him Rick Peck was to be served. By this time he had already filed the documents that this court has been provided, none of which Caranchini agreed he could file.

Has he provided authority to this Court that he could do so? NO. Rather, he somehow wants this Court to believe that Caranchini is trying to get around a prior ruling by the Court against her. HOWEVER, CARANCHINI NEVER FILED ANY CLAIM LIKE THE INSTANT CLAIM against RICK PECK. Mr. Baker wants to "spout off" that the undersigned did, but he cannot point to anything that shows that Caranchini filed prior claims like the two claims filed herein: negligent and intentional infliction of emotional distress. Caranchini has cited the Missouri Supreme Court cases that form the basis for these two claims. She has also specifically set forth all facts necessary to make such claims. **AND NOTICEABLY ABSENT AS PART OF THIS "REMOVAL" IS**

3

ANY AFFIDAVIT FROM RICK PECK DENYING ANY OF THE FACTUAL ALLEGATIONS MADE BY CARANCHINI.

### III. Sec. 28 U.S.C. 1447(c) provides that a Motion for Remand must be made within 30 days after the filing of the removal notice

This Motion for Remand is filed within 30 days after the filing of the "removal notice" January 14, 2019. Essentially Mr. Baker filed on January 14, 2019 and therefore, not only is this opposition timely seeking to oppose the filing of Mr. Baker to the Missouri Federal Court and seeking transfer to the Kansas Federal Court, but it is a timely opposition to the removal and hence this Court may use the grounds Caranchini raises herein also as grounds for Caranchini's request for remand.

### IV. BAKER'S FILINGS BEFORE RICK PECK WAS SERVED WITHOUT THE AGREEMENT OF CARANCHINI, MAKES THE REMOVAL NULL

Mr. Baker did not file his filings AFTER Rick Peck was served; rather the filings were made BEFORE Rick Peck was served. There is no case law that substantiates this timing of this removal WITHOUT THE AGREEMENT OF THE PLAINTIFF AND CARANCHINI GAVE NONE.

### V. BAKER'S INTERPRETATION OF CASE LAW IS WRONG

Mr. Baker at page 3, actually does not read the case right!. What the case is talking about is what the actions in the case were about: here a sexual relationship. **Mr. Baker says Mr. Peck did not have sufficient contacts in Missouri. However, he does not contradict whatsoever the testimony of CARANCHINI that 98 percent of the acts of the "relationship" occurred in Missouri not Kansas. THERE IS NO AFFIDAVIT FROM MR. PECK WHATSOEVER. CARANCHINI IS REPLYING TO THIS MOTION UNDER OATH AND SHE IS ONE OF THE TWO PEOPLE INVOLVED IN THIS MATTER.** Caranchini unequivocally states that 98 percent of the meetings and sexual

4

**contact and lunches, occurred in the State of Missouri—less than 2 percent occurred in Kansas. We are not talking about anything else but the actions involved given rise to the claim in the lawsuit. That lawsuit was made under oath and Mr. Baker has never had his client enter an appearance or give any statement under oath contradicting any of the facts in that lawsuit.**

The contacts in question are not "legal" in nature, the contacts in question are the facts of the lawsuit and Mr. Baker misses the entire point or tries to deflect from the point. Judge Fenner is talking about an entirely different case: a case of which the majority of the claims (3 in fact) were against Lola Peck. This lawsuit is entirely against Rick Peck and grows out of our nine year relationship which took place 98 percent of the time in Missouri. All facts are regarding the relationship between Rick Peck and CARANCHINI. Mr. Baker must think the undersigned has "lost it" if she would believe this legal argument. He wishes to totally "mix up" two separate cases which are about two entirely different things. He does not focus on the INSTANT CASE which is solely about the relationship between RICK PECK and CARANCHINI and nothing else.

**THE STATUTE OF LIMITATIONS HAS NOT RUN AS THIS LAWSUIT WAS TIMELY FILED**
As for the telephone calls and the alleged statute of limitations, the telephone calls were **uninterrupted** for nine years. This lawsuit is filed within two years after they ceased as Rick Peck was still making telephone calls to CARANCHINI in early January 2018 until LPECK cut them off! There is no problem with a statute of limitations as there was continuing and uninterrupted calls between CARANCHINI AND RPECK until January 17, 2017 and therefore this

5

lawsuit is timely as it was filed January 7, 2019. The intentional and negligent infliction of emotional distress started December 23, 2016 and has been uninterrupted since that time. No statute of limitations has run. **Once again, Mr. Baker has no "facts" stated under oath from Rick Peck—all he has is his supposition throughout the brief which is unsubstantiated by documents or testimony of any kind whatsoever.**

## WHAT THIS LAWSUIT IS AND IS NOT ABOUT

Additionally, **this lawsuit is not about Lola Peck** although Mr. Baker wishes it to be. She is not sued in this litigation and she will not be sued in the litigation being filed this week in Kansas against the Jail/Health Care Provider/Sheriffs/Calvin Hayden. Mr. Baker keeps wanting to defer the lawsuit but again, has no facts under oath from anyone and there is nothing that I have said that substantiates his bogus claims.

As for the **Kansas Protection from Abuse** action filed by Mr. Peck, it will be the subject of his deposition which will show he lied. This Court should keep in mind Judge TRIGG in Kansas Court found that RICK PECK LIED, AND RICK PECK SAID THAT WHAT HE TOLD THE JUDGE WAS ALL THERE WAS ABOUT THE FACTS. If Rick Peck said that was all there were as far as the facts, and the Judge found he lied about those facts and found against him, well it seems to me he cannot raise that defense without having a major problem contradicting a Judge's finding against him.

Mr. Baker's entire brief seems to wish to "defend" by raising totally irrelevant issues that have nothing whatsoever to the issue before the Court: **WAS THERE AND IS THERE A PROPER REMOVAL. The answer is No.** Mr. Baker seems to believe if he goes "on and on"

"round". Never underestimate a federal judge. Mr. Baker insults the Court by filing this document. It has nothing whatsoever to do with the issue before the Court.

Another issue raised by Mr. Baker is that somehow **Kansas law on emotional distress would apply. That is not the case.** The emotional distress arose from a factual case which 98 percent of it took place in Missouri. Likewise, since Mr. Peck broke up with the undersigned, the undersigned has seen multiple doctors for her distress continually and there is more than sufficient medical basis for the claims against him from both a Psychiatrist and Psychologist and neuropsychiatrist and neuropsychologist along with numerous drugs that the undersigned is required to take which affects her. Mr. Baker is right in that the law of the state where the injury occurred governs and 98 percent of the injury occurred in Missouri—not Kansas. Mr. Baker has again provided no affidavit from Mr. Peck indicating the "affair" took place in Kansas as opposed to Missouri.

**FILING IN KANSAS (AT PAGE 7)**

Again, this is the most absurd part of the brief. First of all, in all the years that I have done removals and all the years that I practiced in federal court in literally hundreds of cases for myself and as part of larger cases, **I have never seen a situation where a case was first removed from the State Court (here Jackson County) to Federal Court (here the Western District of Missouri), and now the Defendant wishes to remove it to Kansas. NEVER did it, saw it, or have heard of it. There are absolutely no grounds for it legally**.

1. As for the convenience of the parties; there are only two parties involved, Caranchini and Rick Peck; and perhaps some witnesses of Caranchini who she informed of the affair all of which are in Missouri or in the area around Caranchini's

7

home. Her daughter would have to come from Chicago. Her neighbor Charlotte lives across the street and was aware of the affair. Several friends knew of the affair for years. Rick Peck told NO ONE.

2. As indicated the convenience of the parties would be a Missouri state court—not a Federal Court which is much more formal. Why it would be in Kansas, there is only one reason: because Mr. Baker wants the case to go to Judge Murguia, the Federal Judge on the case which was dismissed in Kansas. That is plain and simple. Judge Murguia has preconceptions about Caranchini. Also, it is much more difficult to go to Kansas Court than to handle this matter in the Jackson County Court which is used to handling matters regarding "break ups" of relationships. This is not a "federal court matter". Mr. Baker wants to put it in Federal Court so that he may rehash all the issues of Caranchini's prior case in Federal Court—that's it plain and simple and he's flat out lying if he says that is not what he is doing here.

3. It would not be in the "interest of justice" to put this case in Federal Court in Kansas. The parties have a right to have this case in a trial court in Missouri where the relationship occurred and where neither party has any history with the Court. Although Mr. Baker argues at page 8 that the facts weigh in favor of "transfer" they do not and any trial lawyer looking at this case would agree. This is a plain and simple break up of a relationship and it does not belong in federal court. Essentionally, Mr. Baker admits on page 8 he wants it there because Caranchini received an adverse ruling.

8

Additionally, **it is clear the most significant relationship here is with Missouri—in fact there is almost NO relationship with Kansas whatsoever. Mr. Baker has not given an affidavit of Rick Peck showing any relationship to Kansas while the undersigned has argued and stated this brief under oath. It is clear, this case belongs in Missouri. Nothing occurred in Kansas—all the acts of Rick Peck toward the undersigned occurred in Missouri.** Mr. Baker has provided ABSOLUTELY NO FACTS UNDER OATH OF RICK PECK LINKING THIS CASE TO KANSAS—NONE. His statement at the bottom of page 8 that "All of the purported tortuous conduct she alleges occurred in Kansas" is TOTALLY AND COMPLETELY FALSE AND MR. BAKER SHOULD BE SANCTIONED UNDER RULE 11 FOR MAKING SUCH A FALSE STATEMENT AS HE HAS ABSOLUTELY NO FACTS WHATSOEVER TO BACK UP THAT STATEMENT. He does not even state in his brief that he has talked with Mr. Peck about the facts. He does not state he has talked with Lola Peck. He has provided no facts to the Court whatsoever yet he still believes the "purported tortuous conduct occurred in Kansas".

This court needs to sanction Mr. Baker for this brief which has no basis in fact or law. **This claim is not about the "jail". This is not about "Lola Peck". This is not about "the medical provider". This is not about the "Sheriffs". (See Page 9) THIS IS ONLY ABOUT THE RELATIONSHIP BETWEEN RICK PECK AND CARANCHINI AND 98 PERCENT OCCURRED IN MISSOURI.**

And as is typical of Mr. Baker when all else fails in his brief he goes back to state (at page 9)

9

> "(she is) a disbarred attorney running amok throughout the court system. She is the worst category of pro se litigants who have a propensity and greatest history in burdening and menacing the court system. . . . In Kansas a negligent infliction of emotional distress must include a qualifying physical injury. "

Perhaps what Mr. Baker does not understand is that I specifically chose the forum that is appropriate: Missouri based upon the facts. He DOES NOT KNOW ANY OF THE FACTS AND DOES NOT HAVE AN AFFIDAVIT FROM HIS CLIENT RE THE FACTS. Mr. Baker's repeated reference to "Kansas Intentional infliction of emotional distress" is irrelevant because Caranchini is not seeking to file a claim in Kansas for several reasons—mostly because DID NOT OCCUR IN KANSAS—IT OCCURRED IN MISSOURI. Mr. Baker's continual stating that the "affair" occurred in Kansas does not make it so when he has **ABSOLUTELY NO FACTS WHATSOEVER TO SUPPORT THAT IT OCCURRED IN KANSAS. All of page 10 and 11 is about getting this case before Judge Murguia so that Mr. Baker can somehow again win an "anti slapp" case against CARANCHINI. That is what this is about.**

Caranchini hopes this Court will put an end to Mr. Baker's continual rants and raves when he cites the wrong case law, has no facts whatsoever to support his position, continually insults Caranchini despite her having a significant background of wins outside her disbarment which was pursued, according to numerous lawyers and some Judges on several courts who heard the disbarment matters BECAUSE she won too many cases and she was a woman at a time when woman lawyers in the 80's and 90's were not looked upon favorably.

## CONCLUSION

Caranchini is not here to "rehash" her disbarment and the cases involved in that disbarment some 30 years ago. It is done. I can pursue cases for my MSPB and EEO clients in Federal EEO and MSPB jurisdictions which I do, and which I rarely if EVER loose or have lost since 2000 when Caranchini was disbarred. That's what I do now. However, I was wrongfully put in jail and assaulted and I am going to pursue that until I get redress for myself and others that come before those courts.

I also have a right to sue Mr. Peck over our relationship. That is a personal matter. Filing it in Federal Court quite frankly given the cases I have had in Federal court is a waste of Federal Court time and the Judges' time who are exceedingly busy on

psychologist who has recommended that I file this lawsuit and he supports me in doing so. Mr. Baker is merely wasting the Court's time, my time and making life difficult for Rick Peck when it could be resolved more easily. Apparently Mr. Baker will not do so and therefore I wish to continue to proceed in state court and I will have the assistance of my doctor as necessary. Unfortunately, I have the need of my attorney in a personal matter on my home because of loss of funds.

      Mr. Baker has stated absolutely no basis whatsoever for this case to be in Federal Court, let alone removed or transferred to the Federal Court in Kansas, presumably the Honorable Carlos Murguia.

11

Mr. Baker, however, needs to be stopped. He has violated Rule 11 numerous times. He has wasted this Court's attention and quite frankly he has outright lied when he has absolutely no knowledge of the facts and "makes it up as he goes along".

Caranchini requests this Court remand this case to the Jackson County Court. Caranchini has met the requirements of the Federal Rules and therefore she may proceed in Jackson County. Caranchini will provide the State Court, The Honorable Justine DelMuro, with a copy of this document and determine from her office whether she wishes it to be filed in the Jackson County Court.

**THAT ALL OF THE ABOVE FACTS WERE MADE UNDER PERSONAL OATH BY THE UNDERSIGNED AND ARE CONSISTENT WITH ALL FILINGS MADE BY THE UNDERSIGNED IN THIS COURT IN PRIOR FILINGS REGARDING HER HOME, IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS (JUDGE MURGUIA) IN MULTIPLE CASES .**

---

**GWENDOLYN G. CARANCHINI, J.D.**           **DATED. JANUARY 28, 2019**

Respectfully submitted,

Gwen G. Caranchini

By _____

Gwen G. Caranchini, J.D.
1203 W. 62nd Street
Kansas City, Missouri 64113
gwencaranchini@gmail.com
816.223.7178
Plaintiff Pro Se

Certificate of service:

The sole defendant is Rick Pick and he is represented by Linus Baker J.D. who will receive this document per the filing of same on line.

s/s gwen g. caranchini

13