# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN GILL CARANCHINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-00030-DGK |
| | ) |
| RICK PECK, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND PLAINTIFF'S MOTIONS TO REMAND AND SANCTION COUNSEL

This case arises from Defendant Rick Peck's termination of his extramarital relationship with Plaintiff Gwendolyn Caranchini. Plaintiff now sues Peck, alleging he negligently and intentionally caused her emotional distress. Now before the Court is Peck's Motion to Transfer (Doc. 5), along with Plaintiff's response, which this Court construes as a motion to remand and a motion for sanctions (Doc. 6).

Because the Court has subject matter jurisdiction, Plaintiff's motion to remand is DENIED. Defendant's motion to transfer is also DENIED because he has failed to carry his burden that transfer is warranted. Finally, Plaintiff has failed to comply with the procedural requirements for sanctions under Rule 11, and thus, her motion for sanctions is DENIED.

### Background

Plaintiff, a citizen of Missouri, and Peck, a citizen of Kansas, began having an extramarital affair in 2007. The relationship lasted until December 24, 2016, when Peck terminated the relationship. The breakup occurred in Kansas City, Missouri.

Plaintiff tried to communicate with Peck after the breakup. He responded at first but eventually began ignoring Plaintiff's communication attempts. Insistent on talking with Peck, Plaintiff kept contacting him.

At some point, Peck and his ex-wife—who he was still living with—filed for a Temporary Restraining Order ("TRO") against Plaintiff in Kansas state court. Plaintiff appeared before a judge for a hearing on the TRO, and after the hearing concluded, deputies from the Johnson County Sheriff's Department arrested Plaintiff on telephone harassment charges against Peck and his ex-wife. The deputies took Plaintiff to jail, where she remained until she posted her bond thirty-six hours later. The state later dismissed the charges.

Plaintiff subsequently sued Peck, his ex-wife, two assistant district attorneys for Johnson County, Kansas, and two judges for Johnson County, Kansas, in the Western District of Missouri. The Court dismissed those claims for lack of personal jurisdiction. *Caranchini v. Peck*, 4:17-CV-00667-GAF (W.D. Mo. Dec. 19, 2017) (Doc. 32). She then filed suit against Peck, his ex-wife, the Johnson County Sheriff, and individuals in the Johnson County Court and District Attorney's Office in the District of Kansas. The Court dismissed Plaintiff's case because her complaint failed to state a claim. *Caranchini v. Peck*, 18-CV-2249-TJJ (D. Kan. Dec. 10, 2018) (Doc. 130).

In January 2019, Plaintiff filed this lawsuit against Peck in Jackson County, Missouri, Circuit Court. It alleges Peck negligently caused her emotional distress by terminating their relationship and sending her to jail, and he intentionally caused her distress by refusing to talk to her after a process servicer served him with a different lawsuit Plaintiff had filed against him.[1] Peck timely removed the action to federal court.

---

[1] Since filing this lawsuit, Plaintiff has also filed another lawsuit against Johnson County's sheriff, the Johnson County jail, the medical care providers for those in jail, and other deputies at the jail. *Caranchini v. Hayden, et. al*, 2:19-CV-02067-CM-JPO (D. Kan. 2019).

**Discussion**

Neither party wants the case to remain in the Western District of Missouri: Plaintiff claims the Court should remand this case back to state court, while Peck requests the Court transfer it to the District of Kansas. Their arguments are unavailing.

**I.      Plaintiff's motion to remand is denied.**

Title 28 of United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A plaintiff may challenge removal through a motion to remand. 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of federal jurisdiction. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010).

Plaintiff does not dispute the Court's subject matter jurisdiction over this case.[2] Rather, she alleges that because she had yet to serve Peck at the time of removal, removal was untimely. Nothing in 28 U.S.C. § 1441 requires a defendant to have been served prior to removing a case to federal court. In fact, 28 U.S.C. § 1446(b) seems to explicitly authorize the practice, providing that removal is proper within thirty days of the defendant's receipt of the complaint "through service *or otherwise*." (Emphasis added). Plaintiff cites no other authority suggesting that service is a prerequisite to removal. Her motion to remand is DENIED.

---

[2] The parties are completely diverse, and Plaintiff alleges damages well above the $75,000 threshold. 28 U.S.C. § 1332(a); s*ee also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012)

## II. Peck's motion to transfer is denied.

Peck argues the Court should transfer this case to the District of Kansas pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). In the alternative, Peck contends the Court should transfer it pursuant to § 1404(a) on convenience grounds. A case may only be transferred under § 1406 when venue or personal jurisdiction is not proper in the transferor forum. *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014). By contrast, a case may be transferred under § 1404 when venue is proper in the transferor and transferee forums. *Id*.

**A. Transfer under § 1406(a) is not warranted.**

In the absence of a special venue statute, 28 U.S.C. § 1391(b) governs where a federal civil action may be venued. Venue in this case turns on § 1391(b)(2), which provides that a plaintiff may bring a civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In making that determination, "the court's focus must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Steen*, 770 F.3d at 703.

Though somewhat unclear, Plaintiff alleges Peck intentionally inflicted emotional distress on her after he refused to speak with her following receipt of a complaint she filed against him (Doc. 1-2 at ¶ 87). Plaintiff also alleges he negligently caused her distress because Peck "should have realized… during the next 30 days (from December 23, 2016), that his actions probably would, and did, cause Caranchini medically significant emotional distress brought on directly by his negligent actions as demonstrated by Caranchini's health reactions to him *ceasing his relationship suddenly* and putting her in jail" (Doc. 1-2 at ¶ 78) (emphasis added).

While Peck's refusal to talk to Plaintiff and her overnight jail stay occurred in Kansas, as Peck admits, "Caranchini claims the main conduct of Mr. Peck was simply terminating the

4

relationship," which occurred in Missouri (Doc. 5 at 5). Thus, a substantial part of the events giving rise to Plaintiff's claim occurred in Missouri, and venue in this jurisdiction is proper.

Peck alternatively argues that even if venue is proper, this Court does not have personal jurisdiction over him, which would also require the Court to transfer the case pursuant to § 1406(a). *See Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 584 (8th Cir. 2007) (finding that if a court lacks personal jurisdiction, then a district court may transfer to another district pursuant to § 1406(a)). For the same reasons previously discussed, the Court has personal jurisdiction over Peck.

The exercise of personal jurisdiction must comport with the forum's long-arm statute and due process. *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). Missouri's long-arm statute provides, in relevant part, that a person submits to the jurisdiction as to any cause of action arising from the "commission of a tortious act within the state." Mo. Rev. Stat. § 506.500.1. Plaintiff alleges Peck's sudden termination of their relationship in Missouri caused her emotional distress. Thus, Missouri's long-arm statute is satisfied.

Due process requires a defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The "minimum contacts" necessary may be specific or general, but the primary focus is the defendant's relationship to the forum. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017). General jurisdiction does not exist over Peck since he is a citizen of Kansas and has no affiliations with the state "as to render [him] essentially at home in [Missouri]." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

5

The Court, therefore, must determine whether it has specific jurisdiction. The fundamental inquiry is whether the defendant "purposefully availed" itself of the "benefits and protections" of a forum, such that it should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudezewicz*, 471 U.S. 462, 482 (1985). When Peck crossed the state line to break up Plaintiff, he could reasonably expect being haled into court in Missouri. Accordingly, this Court can maintain personal jurisdiction over Peck.

Because venue is proper in this Court and it has personal jurisdiction over Peck, the Court cannot transfer the case pursuant to § 1406.

**B. Transfer under § 1404(a) is not warranted.**

Anticipating this Court's ruling, Peck asks the Court to transfer this case pursuant to 28 U.S.C. § 1404(a), which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A change of venue is within the discretion of the district court and should not be freely granted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The party seeking transfer under section 1404(a) "bears the burden of proving that transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).

The threshold question in deciding a motion to transfer venue is whether the proposed forum is one in which the action might have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Here, the District of Kansas has general personal jurisdiction over Peck because he is a citizen of Kansas. *Daimler*, 134 S. Ct. at 758. Venue is also proper there because a portion of the conduct giving rise to Plaintiff's claims occurred in Kansas. 28 U.S.C. § 1391. Thus, Plaintiff could have brought the case in the District of Kansas.

Nevertheless, after reviewing whether the "convenience of the parties and witnesses" and

"the interest of justice" support transferring the case to the District of Kansas, the Court finds Peck has not met his burden of proving that the balance of interests weighs heavily in favor of transfer.

The Eighth Circuit has elaborated on the convenience factors and considers the following when deciding a motion to transfer venue:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 696. A review of these factors indicates there will be no significant increase in convenience if the Court transfers the case. True, a majority of the conduct related to Plaintiff's claim of intentional infliction of emotional distress—Peck's refusal to speak with Plaintiff—occurred in Kansas, and therefore, under choice of law principles, it is likely Kansas law will apply. But Missouri law will likely apply to Plaintiff's negligent infliction claim, since the breakup occurred in Missouri. Moreover, Peck seeks transfer to a courthouse that is only three miles from the Western District. Transferring, therefore, does not benefit either the parties or the witnesses, and neither venue would make it easier for the parties to access records and documents.

Next, the Court must determine whether the interest of justice is served by granting transfer. In determining whether transfer serves "the interest of justice" the Court looks to:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696. Here, the costs of litigating in each district will be similar, and the parties will not have trouble enforcing a judgment or receiving a fair trial in either district. Because the law of both Missouri and Kansas will likely apply to the separate claims, there is also no advantage to litigating this case in one district over the other. Indeed, both courts can dismiss

frivolous lawsuits regardless of the local law. These factors do not overcome the strong presumption that the Court will not disturb Plaintiff's choice of forum. *See Houk*, 613 F. Supp. at 927 (finding "the plaintiff's choice of forum is entitled to great weight and will not lightly be disturbed"). Transfer to the District of Kansas is not in the interest of justice.

### III.     Plaintiff's motion for sanctions is denied.

Finally, Plaintiff requests that the Court sanction Peck's counsel for arguing that all the purported tortious conduct occurred in Kansas and not Missouri. Plaintiff has failed to comply with Rule 11's procedural requirements for filing sanctions. *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (finding that parties must scrupulously follow Rule 11's procedural requirements that sanctions be requested in a separate motion and the party against whom sanctions is sought be given twenty-one days in which to withdraw its position). Thus, the Court DENIES Plaintiff's motion for sanctions.

### Conclusion

Plaintiff's motions for remand and sanctions (Doc. 6) are DENIED. Peck's motion to transfer venue (Doc. 5) is also DENIED.

**IT IS SO ORDERED.**

Date:  March 25, 2019                                         /s/ Greg Kays
                                                                                    GREG KAYS, JUDGE
                                                                                    UNITED STATES DISTRICT COURT