# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

GWENDOLYN GILL CARANCHINI,    )
                              )
    Plaintiff,                )
                              )
v.                            )    No. 4:19-CV-00030-DGK
                              )
RICK PECK,                    )
                              )
    Defendant.                )

### ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT

This lawsuit stems from Defendant Rick Peck's termination of his affair with Plaintiff Gwendolyn Caranchini. Now before the Court is Plaintiff's "Motion to Set Aside Judgment Erroneously Entered" (Doc. 96). For the reasons below, the motion is DENIED.

**Background**

The facts are set out in detail in this Court's prior orders, so the Court repeats only relevant facts here.

On May 15, 2019, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim (Doc. 53). Plaintiff's response was due May 29. On May 27, Plaintiff filed a motion for extension of time to respond to the motion to dismiss (Doc. 78), requesting that the Court grant Plaintiff a ten-day extension from the day it ruled on a pending motion to recuse. Defendant opposed the motion for extension of time (Doc. 86).

On May 28, the Court denied Plaintiff's motion to recuse (Doc. 83) and granted in part Plaintiff's motion for extension of time (Doc. 84), giving her seven days—until June 4—to respond to the motion to dismiss. Given that Plaintiff filed six motions and two reply suggestions from May 20 to May 27, the Court found a seven-day extension allowed Plaintiff ample time to

1

adequately respond to the motion. Plaintiff did not file a response by June 4, and the Court ruled on the motion two days later.

The Court dismissed Plaintiff's claims because she failed to state a claim upon which relief could be granted. The Court found she failed to allege any legal duty, which is required to state claim for negligent infliction of emotional distress. It also held she failed to state a claim for intentional infliction of emotional distress because she did not allege Defendant engaged in any extreme or outrageous behavior.

Plaintiff then filed a motion to set aside the judgment, arguing that this Court violated her due process rights by ruling on her motion to dismiss before receiving her response to the motion to dismiss (Doc. 96). She also claims that had the Court waited for her response, it would not have granted Defendant's motion to dismiss. The Court then entered an order allowing Plaintiff to file her response to the motion to dismiss by June 20, 2019 (Doc. 100).

Two days later, Plaintiff filed a response to the Court's order (Doc. 101), alleging the Court had acknowledged it committed a procedural error by ruling on the motion to dismiss without her response. On June 19, Plaintiff alerted the Court she was experiencing computer problems, so the Court granted Plaintiff a four-day extension to file her reply to the motion to set aside the judgment and to submit her response to the motion to dismiss (Docs. 105, 106). Plaintiff submitted both by the deadline (Doc. 107), and Defendant promptly replied to the motion to dismiss (Doc. 108).

## Discussion

**I.  The Court did not commit a procedural error by ruling on the motion to dismiss without a timely response.**

Plaintiff claims that because the Court has allowed her to file a response to the motion to dismiss, it has impliedly recognized it committed an error.

As an initial matter, Plaintiff was not entitled to an extension of time, and the Court was

2

not required to wait to rule on the motion for extension of time until she filed a reply. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"). In any event, the Court *did* grant Plaintiff's motion for extension of time in part, allowing her six additional days from the original deadline to file her response to the motion to dismiss. She failed to file her response by the deadline, so the Court did not err in deciding the merits of the motion without her response.

Further, after Plaintiff filed her motion to set aside the judgment, the Court gave Plaintiff an additional twenty-four days to file her response to the motion to dismiss as a courtesy. It did not allow her to file the response because it believed it had committed a procedural error.

## II. Plaintiff's motion to set aside the judgment is DENIED.

Nevertheless, Plaintiff argues this Court should set aside its judgment granting Defendant's motion to dismiss because it ruled on the motion without her response. She also claims it should set aside the two orders entered after the dismissal, which deny as moot Plaintiff's motion to compel and motion to stay (Doc. 95).

Rule 60(b)(1) provides, as is relevant here, that a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect."[1] When

---

[1] Plaintiff did not identify under which rule she sought a motion to set aside the judgment, but the Court believes she is seeking relief under Rule 60(b). The other subsections are in applicable to the instant motion. Rule 60(b)(2)-(5) provide that a court may grant relief for the following:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Finally, Rule 60(b)(6) is a catchall provision, providing relief from final judgments in extraordinary circumstances. *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Atkinson v. Prudential Prop. Co., Inc.*,

determining whether neglect is excusable, courts consider the following factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). These factors do not carry equal weight; the reason for delay is the key factor in the analysis. *Id*. at 867.

The first factor favors Defendant. This is not the first time Plaintiff has sued Defendant, and he has a right to the speedy administration of justice. Moreover, Plaintiff has arguably harassed Defendant throughout the litigation in an attempt to have contact with him by filing motions to compel him to be present without counsel. Further delay only prejudices Defendant.

The length of the delay, however, favors Plaintiff. The Court entered its order dismissing the case on June 6, 2019, and that same day, Plaintiff filed a motion to set aside the judgment, claiming she thought she had until at least June 11, 2019, to file a response to the motion (Doc. 96). And because Plaintiff submitted her motion to dismiss for this Court's review and Defendant responded to the motion, the motion to dismiss is ripe for decision.

As for the third factor, the Court must distinguish between "intentional delay or disregard for the deadlines and procedural rules, and a marginal failure to meet pleading or other deadlines." *In re Guidant Corp.*, 496 F.3d at 867 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). Although this is a situation where Plaintiff failed to meet a deadline that was extended at her request, it does not appear that her failure to file a response was intentional. Rather, it appears that she simply did not see the Court's order granting her extension. This factor therefore favors Plaintiff.

---

43 F.3d 367, 373 (8th Cir.1994) (internal quotations omitted). Because there are no exceptional circumstances and Rule 60(b)(1) applies, Rule 60(b)(6) is irrelevant.

The reason for delay, however, favors Defendant. The Eighth Circuit has explained that "'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (citation omitted). *Feeney v. AT&E, Inc.*, 472 F.3d 560 (8th Cir. 2006), is persuasive here. In *Feeney*, the defaulting party neglected to check his mail and consequently failed to file a timely response to a summary judgment motion. *Id.* at 562. The Eighth Circuit held this factor weighed heavily against granting relief as the defaulting party was "careless to the point of indifference." *Id.* at 563; *accord Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463-64 (8th Cir. 2000) (finding an attorney's error in miscalculating a date was "garden-variety attorney inattention" which weighed against granting relief).

Similarly here, Plaintiff's failure to respond is garden-variety inattention. Indeed, she failed to file the response because she thought—and it seems still thinks—that this Court did not rule on her motion for extension of time. Put simply, she failed to review the docket sheet to see that the Court had, in fact, granted in part her motion for an extension. This factor weighs heavily against granting relief.

Finally, the Court considers whether Plaintiff has a meritorious defense to the motion to dismiss. *See Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (noting the Eighth Circuit has "also concluded 'the existence of a meritorious defense continues to be a relevant factor'" in Rule 60(b) cases) (citing *Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 784 (8th Cir. 1998)). As discussed below, Plaintiff does not have a meritorious defense to the motion to dismiss, so this factor also weighs in favor of denying Plaintiff's motion.

After weighing all the relevant factors, the Court finds the balance of factors weighs against setting aside its judgment. The motion is therefore DENIED.

## III. The motion to dismiss would still be granted if the Court granted the motion to set aside the judgment.

The Court notes that even had it granted Plaintiff's motion to set aside, it would have once again granted the motion to dismiss. Plaintiff has now filed her response to the motion the dismiss (Doc. 107) and Defendant has filed his reply (Doc. 108), so the motion is fully briefed.

Plaintiff claims in her response that this Court made a number of erroneous factual assertions that were integral to its analysis dismissing the case. Specifically, she claims that the Court erred by omitting that: Defendant started the relationship; the state court judge called Defendant a liar multiple times during the TRO hearing; Defendant's ex-wife did not appear at the TRO hearing; Defendant talked on the phone to Plaintiff after the breakup before ceasing all communication with her; Defendant broke up with Plaintiff because his ex-wife was threatening her physical harm; and she was sexually assaulted by multiple sheriffs at the detention center. The Court did include some of these facts but omitted others because they are immaterial to Plaintiff's negligent and intentional infliction of emotional distress claims. For example, the sheriffs' alleged conduct—while reprehensible—is irrelevant to claims against Defendant, since Plaintiff does not allege that he also engaged in the conduct or otherwise played a role in it.

Further, Plaintiff asserts that the Court incorrectly stated that Defendant filed the TRO against her because she repeatedly called him and that the Court improperly called the "Detention Center" a jail. Each of these alleged errors is immaterial because the key facts remain the same: Defendant filed a TRO against Plaintiff, and she was detained.

Put simply, even considering these facts as Plaintiff has stated them, Plaintiff's complaint still does not allege or show that Defendant owed her a duty, as is required to prove negligent infliction of emotional distress under Missouri law. *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) (*citing Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001)

6

Case 4:19-cv-00030-DGK   Document 111   Filed 07/01/19   Page 6 of 7

(internal quotations omitted)) (noting that a legal duty is required to state a claim for negligent infliction of emotional distress).  She has also failed to allege that *Defendant's* conduct, not his ex-wife's or the sheriffs', was extreme and outrageous as a matter of law.  *See Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. banc 1993) (citation omitted) (finding Plaintiff "must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm.").  Thus, her claims must fail.

Finally, Plaintiff alleges this Court failed to read her motion to compel or motion to stay because it summarily denied them.  The Court did review these motions, along with any responses and replies but found the motions moot because it granted the motion to dismiss.  Moreover, Plaintiff previously filed similar requests, which this Court denied in a written order.  *See* Order dated June 4, 2019 (Doc. 90) (denying motion to compel and motions for a hearing).

Accordingly, even if the motion to set aside were granted, the motion to dismiss would also be granted for the same reasons previously stated, as would the motion to compel and the motion to stay.

## Conclusion

Plaintiff's motion to set aside the judgment (Doc. 96) is DENIED.

**IT IS SO ORDERED.**

Date: July 1, 2019 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT